UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Darrell D. Smith, | Civil No. 23-cv-357 (JRT/DJF) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION AND ORDER |
| Warden B. Eischen, | |
| Respondent, | |

---

This matter is before the Court on Petitioner Darrell D. Smith's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (ECF No. 1). Mr. Smith challenges the validity of his conviction and seeks the production of discovery in *United States v. Less*, No. 6:16-CR-2002-LTS-KEN (N.D. Iowa Jan. 21, 2016) (hereafter "*United States v. Less*"), and challenges the length of the criminal sentence he is currently serving as a result of his conviction in *United States v. Smith*, No. 6:17-CR-2030-LRR-MAR (N.D. Iowa May 22, 2017) (hereafter "*United States v. Smith*"). Mr. Smith also requests that the Court appoint counsel to represent him in connection with his Petition.

For the reasons given below, the Court recommends dismissing Grounds 1, 2, and 4 of the Petition for lack of jurisdiction. The Court also recommends dismissing Ground 3 for lack of jurisdiction to the extent Mr. Smith challenges the sentencing court's imposition of any sentence or the imposition of consecutive sentences, but allowing Ground 3 to proceed to the extent that it challenges the BOP's computation of his sentence. The Court accordingly orders Respondent to respond to Ground 3 with respect to this issue only. Finally, the Court denies Mr. Smith's request for appointed counsel.

I.  **BACKGROUND**

   A.  **Related Cases**

      1.  *United States v. Less*

In January 2016, a grand jury in the U.S. District Court for the Northern District of Iowa issued an indictment charging Mr. Smith with six counts of failing to account for and pay over tax monies that a business collected from employees, in violation of 26 U.S.C. § 7202. *United States v. Less* (ECF No. 3 at 4-5).[1] In June 2016, Mr. Smith pled guilty to one of the six counts charged. *Id.* (ECF No. 99). In December 2016, the District Judge, the Honorable Leonard T. Strand, sentenced Mr. Smith to 13 months of imprisonment. *Id.* (ECF No. 138).

Mr. Smith did not directly appeal the judgment. *See generally United States v. Less* (docket). In November 2018, however, he filed a motion under 28 U.S.C. § 2255 challenging his conviction. *Smith v. United States*, No. 6:18-CV-2083-LTS-KEN (N.D. Iowa Nov. 2, 2018) (hereafter, "*Less* 2255 Action"). Judge Strand denied his motion as untimely under 28 U.S.C. § 2255(f) in July 2020. *Id.* (ECF No. 9). Mr. Smith did not appeal that denial. *See generally*, *Less* 2255 Action (docket).

      2.  *United States v. Smith*

In May 2017, after his sentencing in *United States v. Less*, the Government charged Mr. Smith with one count of wire fraud in violation of 18 U.S.C. § 1343 (Count 1), and one count of aggravated identify theft in violation of 18 U.S.C. § 1028A(a)(1) (Count 2). *See United States v.*

---

[1] The court records from other cases cited in this Report and Recommendation are not attached to any materials of this action's filings. But these filings are public court records, so the Court may take judicial notice of them. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Kaisamba-Kanneh v. Dakota Cnty. Dist. Ct.*, No. 22-CV-2661-ECT-TNL, 2023 WL 1451561, at *1 n.2 (D. Minn. Feb. 1, 2023) (citing cases). Citations to all filed materials use the page numbers provided by the relevant court's CM/ECF filing system.

*Smith* (ECF No. 2 at 1-5).  Mr. Smith pled guilty to both counts in July 2017.  *Id.* (ECF No. 15).  In October 2018, the District Judge, the Honorable Linda R. Reade, sentenced Mr. Smith to 175 months of imprisonment, including consecutive terms of 151 months on Count 1 and 24 months on Count 2.  *Id.* (ECF No. 96 at 2).  Judge Reade further ordered that these terms of imprisonment would run consecutively to Mr. Smith's sentence in *United States v. Less*.  *Id.*  Mr. Smith appealed his sentence on Count 1, but the U.S. Court of Appeals for the Eighth Circuit affirmed.  *See United States v. Smith* (ECF Nos. 131, 132), 944 F.3d 1013, 1014 & n.1 (8th Cir. 2019).  Mr. Smith later sought to challenge his sentence and the record supporting it through a series of post-judgment pro se motions filed in late 2021 and 2022.  *See United States v. Smith* (ECF Nos. 180, 182, 183, 185, 186, 187, 188 and 189).  Judge Reade denied each of these motions.  *Id.* (ECF Nos. 181, 195).

In December 2020, Mr. Smith filed a section 2255 motion of nearly 375 pages in length, challenging his sentences on both counts.  *Smith v. United States*, No. 6:20-CV-2105-LTS-KEM (ECF No. 1) (N.D. Iowa Dec. 23, 2020) (hereafter, "*Smith* 2255 Action").[2]  The court appointed counsel for Mr. Smith in September 2022, and Mr. Smith filed an amended section 2255 motion on December 15, 2022.  *See Smith* 2255 Action (ECF Nos. 12, 17).  Mr. Smith's section 2255 motion presently remains pending before Judge Strand.

B.   **The Petition**

Mr. Smith filed the Petition for habeas corpus now pending before this Court on February 13, 2023.  (*See* ECF No. 1.)  Mr. Smith brings his Petition under 28 U.S.C. § 2241 in this Court

---

[2] The caption on this section 2255 motion mistakenly cited *United States v. Less*, but in light of the content of Mr. Smith's filings the court ordered him to clarify which case he intended to challenge.  *See Smith* 2255 Action (ECF No. 7.)  Based on Mr. Smith's acknowledgement that the wrong case number had been listed in the caption, the court ordered the clerk's office to correct the docket to reflect that his 2255 motion was related to *United States v. Smith*.  *See Smith* 2255 Action (ECF Nos. 10, 12).

3

because he is incarcerated at the Federal Prison Camp in Duluth, Minnesota ("FPC-Duluth"). (*See id.*) He states that he is challenging the "validity of [his conviction] or sentence as imposed," and specifically indicates he is challenging the proceedings in *United States v. Less*. (*Id.* at 2.) Mr. Smith acknowledges he has already served the 13-month sentence imposed in December 2016 in *United States v. Less* but argues that he is "still serving that extra time" because he did not commit the tax crime charged. (*Id.* at 7.) Mr. Smith's theory appears to be that, because he was wrongly convicted in *United States v. Less*, the additional time added to his sentence in *United States v. Smith* based on the increase in criminal history score arising from that previous wrongful conviction should be credited to the sentence in *United States v. Smith* that he is still serving.

The Petition presents four separate grounds for relief:

- **Ground 1:** Ground 1 challenges Mr. Smith's conviction in *United States v. Less.* Mr. Smith contends Randy Less, his codefendant in that case, testified before a grand jury, but made statements inconsistent with a "Stipulation of Facts" Less gave prosecutors in 2016. (*See id.* at 6) Mr. Smith alleges he repeatedly asked for a copy of this stipulation—presumably to show Mr. Less's dishonesty—but that court personnel have "refused to send [him] a copy." (*Id.*; *see also id.* at 7, requesting that his "tax charge be overturned based on provable lies contained in the Stipulation of Facts, lies provable based on discovery [he] received in June 2022.").

- **Ground 2:** Ground 2 also challenges Mr. Smith's conviction in *United States v. Less.* Here, Mr. Smith alleges his attorney refused to provide him with requested discovery and improperly demanded an "extra payment" before the attorney would comply with Mr. Smith's discovery requests. (*Id.*) The "discovery" at issue includes the Stipulation of Facts referenced in Ground 1. (*See id.*)

- **Ground 3:** The arguments Mr. Smith seeks to advance in Ground 3 are unclear and appear to be multi-faceted: First, he appears to challenge Judge Reade's decision to impose his sentence in *United States v. Smith* consecutive with his sentence in *United States v. Less.* He alleges Judge Reade ruled at sentencing that "it would be up to the BOP to count the 13 month sentence [in *United States v. Less*] or not," but then contradicted that ruling by entering a judgement requiring the terms in the two cases to be served consecutively. (*Id.* at 6, 8.) He suggests the 13-month term he served in *United States v. Less* should be deducted from the term he is serving in *United States v. Smith* for this reason. Second, Ground 3 appears to assert that Judge Reade added 18 months to his sentence in *United States v. Smith* in violation of the U.S. Sentencing Guidelines. (*Id.*) Specifically, Mr.

4

> Smith appears to challenge whether his prior conviction in *United States v. Less* should have been counted for purposes of categorizing him as a "Class II" offender under the Sentencing Guidelines based on his criminal history. Mr. Smith appears to contend that his categorization as a Class II offender resulted in an 18 month increase to his sentence. (*Id.*) Third, Mr. Smith appears to challenge the BOP's calculation of jail time credits owed to him, and argues the BOP improperly altered the "out-date" of his sentence in *United States v. Less* for purposes of computing his sentence in *United States v. Smith*. (*Id.* at 8.)

- **Ground 4:** Ground 4 reiterates his claim that Judge Reade should not have added 18 months to his sentence in *United States v. Smith* based on the criminal history categorization arising from his conviction in *United States v. Less*. He argues his prior conviction in *Less* should not count because he did not commit the crime charged in that case. (*Id.* at 7.)

In his request for relief, Mr. Smith asks that his conviction in *United States v. Less* "be overturned." (*Id.*) He specifically asks the Court to apply the Supreme Court's decision in *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682 (2014), which, in his view, created a doctrine of "corporate separateness" rendering his conviction in *United States v. Less* unlawful because he did not control either of the companies at issue in that case. (*Id.*) Mr. Smith also seeks a copy of the Stipulation of Facts referenced in Grounds 1 and 2 and asks that the time served in *United States v. Less* be credited towards his sentence in *United States v. Smith*. Finally, Mr. Smith requests that counsel be appointed to represent him in connection with his Petition. (*Id.*)

## II.   ANALYSIS

The majority of the Mr. Smith's demands plainly are not cognizable in a petition for habeas relief under section 2241 because they challenge either his conviction in *United States v. Less*, the imposition of his sentence in *United States v. Smith*, or both. Ground 3, however, includes language that could be construed liberally as challenging the BOP's execution of the sentence he is presently serving in *United States v. Smith*. As discussed below, the Court recommends allowing Ground 3 to proceed to the limited extent that it may be challenging the execution of his sentence, and recommends the remainder of Ground 3 and all other Grounds be dismissed.

5

### A.     Challenges to Mr. Smith's Conviction in *United States v. Less*

Grounds 1 and 2 challenge the validity of Mr. Smith's conviction in *United States v. Less* and seek discovery in connection with that challenge[3]. Though Mr. Smith has already completed his sentence in that case, this fact alone is not a bar to his claims. The United States Supreme Court has held that "a prisoner serving consecutive sentences is in custody under any one of them for purposes of the habeas statute." *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995) (internal quotes omitted) (quoting *Peyton v. Rowe*, 391 U.S. 54, 61 (1968)); *see also, e.g.*, *Hawkins v. Schneider*, No. 4:13-CV-2506 (JMB), 2016 WL 915194, at *4 (E.D. Mo. Mar. 10, 2016) (citing *Garlotte* and *Peyton*). Because Mr. Smith's sentences were consecutive and he is still serving his sentence in *United States v. Smith*, he is "in custody" on both cases for purposes of bringing a habeas petition.

Mr. Smith's challenge to his conviction nevertheless fails because a section 2241 petition in this Court is not the proper vehicle for raising it. Normally, a federal prisoner challenging the validity of his conviction must bring a section 2255 motion in the sentencing court. *See* 28 U.S.C. § 2255(a) (providing that a prisoner collaterally attacking a federal sentence "may move *the court which imposed the sentence* to vacate, set aside or correct the sentence") (emphasis added); *see also, e.g.*, *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (quoting *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004)); *Woods v. Wilson*, No. 15-CV-0623 (ADM/HB), 2015 WL 2454066, at *2 (D. Minn. May 22, 2015) (citing cases).

There is an exception to this general rule (the "savings clause") which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

---

[3] Mr. Smith cites no authority—and the Court is aware of none—which would authorize the Court to grant his discovery requests independent of any cognizable action for habeas relief.

> him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Mr. Smith tries to rely on the savings clause here, and explains as follows:

> While I was serving the sentence for failure to hand-over past due payroll taxes, the Government charged me with wire fraud in case number CR17-2030-001. The wire fraud case was lodged April 2017 and was not sentenced until September 15, 2018. I was told by my counsel that the tax-case jail-time of 13 months (served from May 25, 2016 to April 30, 2017), would be concurrent to the wire fraud sentence of 175 months. He was wrong—instead, the Judge added 18 months onto the wire fraud claim for a "Class II", and ruled the 13 month to run consecutive to the wire fraud. I immediately filed a 2255 on the tax charg[e] because I was not guilty of the tax[] payment failure. Judge Strand ruled that my 2255 filing after the wire frau[d] sentencing was not timely, and I could not appeal his decision, despite requests for refusal.

(ECF No. 1 at 4.)

This is hard to follow, but the gist appears to be that Mr. Smith believes himself innocent of the charge in *United States v. Less* but elected to plead guilty and did not push those arguments in a timely fashion because he thought his sentence in *United States v. Less* would be concurrent with his sentence in *United States v. Smith.* Mr. Smith ascribes this misunderstanding to faulty legal advice. When Judge Reade ordered his sentences to run consecutively, he elected to challenge his conviction in *United States v. Less* by filing the *Less* 2255 Action. But by that time, he was too late, and Judge Strand found his 2255 motion untimely. *See* 28 U.S.C. § 2255(f) (establishing a 1-year statute of limitations on motions under section 2255).

This argument does not explain why section 2255 is inadequate or ineffective to challenge his conviction in *United States v. Less*. The running of the statute of limitations under section 2255 alone is insufficient to meet the high burden established under the savings clause. *See Lee v. Sanders*, 943 F.3d 1145, 1147 (8th Cir. 2019). Moreover, Mr. Smith's attorney's alleged failure

7

to provide correct legal advice about the sentencing implications of his conviction in *United States v. Smith* has no bearing on the adequacy of section 2255 as a remedy to any alleged unlawful conviction in *United States v. Less*.

Since Mr. Smith has not carried the burden of establishing that section 2255 is an inadequate or ineffective remedy to any constitutional defects in *United States v. Less*, the Court concludes that it lacks jurisdiction to consider Grounds 1 and 2 of the Petition. The Court recommends dismissing Counts 1 and 2 of the Petition without prejudice for these reasons.

### B. Challenges to Mr. Smith's Sentence in *United States v. Smith*

Grounds 3 and 4 of the Petition attack the length of Mr. Smith's sentence in *United States v. Smith*. While federal prisoners can challenge the *execution* of their sentences under section 2241, they must challenge the *imposition* of their sentences under section 2255. *Mickelson v. United States*, 01-cv-1750-JRT-SRN, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir.2000); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.1999)). An attack on the execution of a sentence is an attack on the "manner in which the sentence is carried out[.]" *Gonzalez v. Beasley*, No. 2:17-cv-129-DPM-JJV, 2017 WL 4800732, at *3 (E.D. Ark. Aug. 31, 2017) (citing *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009)), *report and recommendation adopted*, 2017 WL 4799794 (E.D. Ark. Oct. 24, 2017), *aff'd*, 2018 WL 2717790 (8th Cir. Apr. 26, 2018). Such challenges, generally speaking, include "challenges[s] to government action that inevitably affect[] the duration of the petitioner's custody, such as challenges to administrative orders revoking good-time credits, computation of a prisoner's sentence by prison officials, a right to release on parole, or other equivalent sentence-shortening devices." Brian R. Means, Fed. Habeas Manual § 1:29 (collecting cases). But challenges to the sentencing judge's Sentencing Guidelines computation and other

challenges to the length of sentence imposed, or to the sentencing judge's decision on whether sentences should run concurrently or consecutively, are challenges to the imposition of a sentence. *Lee*, 943 F.3d at 1145-47 (requiring such claims to be brought pursuant to section 2255); *see also, e.g.*, *Banks v. Ma'at*, 2021 WL 2326360, at *1 (6th Cir. 2021) (holding petitioner's claim for sentencing credit because his wire-fraud sentence should have been concurrent with a prior sentence was an attack on the imposition of the sentence, which was not cognizable under section 2241).

In Ground 4, Mr. Smith appears to allege that the sentencing court in *United States v. Smith* wrongfully added 18 months to his sentence in that matter—presumably based on his criminal history score—because he did not commit the crime charged in *United States v. Less*, which led to the enhancement of that score. This Ground challenges *both* his conviction in *United States v. Less and* the imposition of Mr. Smith's sentence in *United States v. Smith*. These challenges must be brought pursuant to section 2255 unless that avenue is an inadequate or ineffective remedy. *Lee*, 943 F.3d at 1147. Mr. Smith's challenge to the imposition of his sentence in *Smith* is presently pending before the sentencing court in both cases on a section 2255 motion in the *Smith* 2255 Action. The court in that case appointed counsel to represent him in connection with the motion, and Mr. Smith offers no information to suggest that the *Smith* 2255 Action is an inadequate or ineffective remedy. The Court recommends dismissing Ground 4 in its entirety because Mr. Smith has a concurrent 2255 motion pending before the sentencing court, the savings clause does not apply, and this Court lacks jurisdiction to consider it.

To the extent In Ground 3 challenges the imposition of Mr. Smith's sentencing in *United States v. Smith*, it should be dismissed on the same grounds. In Ground 3 Mr. Smith challenges Judge Reade's decision to impose his sentence consecutive to his sentence in *United States v. Less.*

9

Mr. Smith alleges Judge Reade initially stated it would be up to the BOP whether to allow jail-time credits for his tax fraud case to be counted towards his present sentence for wire fraud, but ultimately issued a contradictory ruling stating that both sentences should run concurrently (ECF No. 1 at 8). Mr. Smith appears to allege the BOP should ignore Judge Reade's imposition of consecutive sentences and credit him 13 months of jail time credits for his time served for tax fraud. (*Id.* at 6; *see also id.* at 1-2, checking a box indicating he is challenging the imposition of his sentence but not checking the box indicating he is also challenging the manner in which the BOP is carrying out his sentence.) Ground 3 also appears to assert the same theory as that asserted in Ground 4, namely, that Judge Reade erred in computing his Sentencing Guidelines range by including his prior conviction in *United States v. Less* in his criminal history score. (*Id.* at 6, 8.) To the extent Mr. Smith asserts either theory, Ground 3 challenges the imposition of his sentence in *United States v. Smith* and must be brought pursuant to section 2255. *See Lee*, 943 F.3d at 1145-47.

Mr. Smith's Petition is confusing, and the precise nature of his claims is far from clear. Although it is likely the above analysis addresses his arguments in their entirety, a liberal interpretation of Ground 3 is that it also may assert a claim for relief based on the BOP's allegedly improper alteration of his "out date" in *United States v. Less* and its application of jail time credits in *United States v. Smith.* To the extent such claims may be based on arguments that *do not* challenge either the validity of his conviction in *United States v. Less*, or the calculation of his Guidelines Range or the imposition of consecutive sentences in *United States v. Smith*, they might be actionable challenges to the execution of his sentence under section 2241. *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) (citing *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (any challenge to the execution of a federal prisoner's sentence must be brought with a

10

section 2241 petition)); *see also, e.g.*, *Taylor v. Fikes*, No. 20-CV-1364 (PJS/ECW), 2022 WL 18584395, at *16 (D. Minn. Dec. 2, 2022) (citing cases), *report and recommendation adopted*, 2023 WL 1477839 (D. Minn. Feb. 2, 2023).  Out of an abundance of caution, the Court recommends allowing Ground 3 to proceed to that limited extent.  The Court accordingly orders Respondents to respond to Ground 3, but only with respect to Mr. Smith's argument that the BOP is in some capacity miscalculating his jail-time credits, and only to the extent the alleged miscalculation is not grounded in an underlying challenge to his conviction or the imposition of sentence—or consecutive sentences—in either case.

      **C.**      **Request for Counsel**

The Court also notes that the Petition contains a brief request for appointed counsel.  (*See* ECF No. 1 at. 7.)  A district court may appoint counsel for habeas petitioners "'when the interests of justice so require.'"  *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (quoting *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)); *cf.* 18 U.S.C. § 3006A(a)(2)(B) (statutory provision permitting appointment).  When deciding whether to appoint counsel in a case like this, a court should consider "the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Hoggard*, 29 F.3d at 471 (citing cases); *see also, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021) (quoting *Hoggard*).

The Court finds this action is not factually or legally complex enough to warrant the appointment of counsel.  Nor does it appear that Mr. Smith is unable to investigate this action's facts or present his arguments to the Court.  As appointed counsel, at this stage, would not substantially benefit the Court, it denies Mr. Smith's request for the appointment of counsel without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Plaintiff Darrell D. Smith's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. [1]) be **DISMISSED IN PART** as follows**:**

1.  Grounds 1, 2, and 4 should be **DISMISSED** in their entirety; and

2.  Ground 3 should be **DISMISSED** to the extent that it challenges his conviction in *United States v. Less* or the imposition of his sentence or consecutive sentences in *United States v. Smith*.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.  Respondent is directed to file an answer to Mr. Smith's Petition for a Writ of Habeas Corpus (ECF No. [1]) **within 28 days of this Order's date**, certifying the true cause and proper duration of Mr. Smith's confinement and showing cause why the Court should not grant the writ in this case.

2.  Respondent's answer should include:

    a.  Such affidavits and exhibits as needed to establish the lawfulness and correct duration of Mr. Smith's incarceration, in light of the issues raised in Grounds 3 that the Court has not recommended dismissing;

    b.  A reasoned memorandum of law and fact fully stating Respondent's legal position on the surviving theory of the Ground 3 (including Respondent's position as to whether the Court has jurisdiction to address this theory of Ground 3); and

    c.  Respondent's position on whether the Court should conduct an evidentiary hearing in this matter.

3.  If Mr. Smith intends to file a reply to Respondent's answer, he must do so **within 28 days of the date that Respondent files an answer**. Thereafter, no further submissions from either party will be permitted, except as authorized by Court order.

4.  Mr. Smith's request for the appointment of counsel in the Petition is **DENIED WITHOUT PREJUDICE**.

Dated: June 9, 2023                     *s/ Dulce J. Foster*
                                        Dulce J. Foster
                                        United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).