# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Darrell D. Smith, | Case No. 23-cv-357 (JRT/DJF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden B. Eischen, | |
| Respondent. | |

This matter is before the Court on Petitioner Darrell D. Smith's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") (ECF No. 1) and self-styled "Motion to Append Filing to 'Coram Nobis' Exhibit as Filed with Original § 2241 Petition 'Leave of the Court'" ("Motion to Append") (ECF No. 15). The Court previously dismissed the majority of the claims asserted in the Petition. (*See* ECF Nos. 4, 10, dismissing Grounds 1, 2 and 4 and parts of Ground 3.) Mr. Smith's sole remaining claim is that the Federal Bureau of Prisons ("BOP") unlawfully failed to provide him with credit for time served in custody from January 26, 2016 through April 29, 2017 (*see* ECF Nos. 1 at 6–8; 4 at 9–11; 10). For the reasons given below, the Court recommends dismissing the Petition and denying the Motion to Append as moot.

**I.     Background**

      **A.     Criminal Sentences**

            1.     *United States v. Less*

On January 21, 2016, in *United States v. Less et al.*, 6:16-cr-2002 (LTS/KEM) (N.D. Iowa), a grand jury in the United States District Court for the Northern District of Iowa indicted Mr. Smith with eleven counts of failing to account for and pay over tax monies that a business collected from

1

employees, in violation of 26 U.S.C. § 7202. (ECF No. 8-2.) The United States Marshals Service ("USMS") arrested Mr. Smith on January 26, 2016 and the court released him on bond that same day (ECF No. 8-3 at 2). The USMS arrested him again on March 4, 2016. He spent four days in custody before the court and released him on bond on March 8, 2016. The USMS arrested him a third time on May 26, 2016. (*Id.*) Mr. Smith was still in USMS custody in June 2016 when he pled guilty to one of the counts charged (*see* ECF No. 8-4 at 1). On December 14, 2016, the district judge sentenced Mr. Smith to 13 months of imprisonment (ECF No. 8-4).

The BOP determined that Mr. Smith's sentence commenced the day of his sentencing on December 14, 2016 (ECF No. 8-5 at 2). The BOP also awarded him presentence credit for time served in federal custody before his sentence commenced, including credit for: (1) the day he spent in custody on January 26, 2016; (2) time served from March 4, 2016 through March 8, 2016; and (3) time served from May 26, 2016 to December 13, 2016. (*Id.*)

        2.     *United States v. Smith*

On March 31, 2017, the Government filed a new Complaint against Mr. Smith on charges of mail fraud, wire fraud, aggravated identity theft, and money laundering. *United States v. Smith*, 1:17-mj-00111-LRR-1 (N.D. Iowa). The court entered an order temporarily detaining Mr. Smith on the new charges on April 26, 2017 and, following a detention hearing, entered an order of detention on May 3, 2017. *Id.*

On July 25, 2017, in *United States v. Smith*, 6:17-cr-2030 (LRR/MAR) (N.D. Iowa), Mr. Smith resolved the charges in the Complaint by pleading guilty to an Information filed May 22, 2017 charging him with one count of wire fraud in violation of 18 U.S.C. § 1343 (Count 1), and one count of aggravated identify theft in violation of 18 U.S.C. § 1028A(a)(1) (Count 2) (ECF No. 8-6). Though Mr. Smith's 13-month sentence in *United v. Less* expired on April 29, 2017, he

remained in federal custody pursuant to the court's April 26, 2017 and May 3, 2017 detention orders in connection with the new charges (*see* ECF Nos. 8 ¶ 11; 8-3 at 2; 8-5 at 1).

On October 5, 2018, the court sentenced Mr. Smith to a 151-month term of imprisonment on Count 1 and a 24-month term of imprisonment on Count 2, to be served consecutively (ECF No, 8-7 at 1–2). The sentencing judgment further specified that these terms of imprisonment must be "served consecutively to the undischarged term of imprisonment imposed" in *United States v. Less*, "pursuant to USSG § 5G1.3(d)" (ECF No. 8-7 at 2). The BOP determined that Mr. Smith's sentence in *United States v. Smith* began on October 5, 2018, the date of imposition of his sentence (ECF No. 8-1 at 2).

The BOP calculated Mr. Smith's presentence credit for time served in *United States v. Smith* slightly differently at various points in time. In a December 11, 2018 Sentence Monitoring Computation Data sheet submitted in support of Mr. Smith's Petition, the BOP awarded him credit from April 29, 2017, the date his term of incarceration in *United States v. Less* expired, through October 4, 2018, the date before his sentencing in *United States v. Smith* (ECF No. 11-1 at 2). On November 9, 2022, the BOP calculated Mr. Smith's projected statutory release date as October 1, 2029 (ECF No. 11-1 at 5).

In contrast, on February 13, 2023 the BOP calculated Mr. Smith's statutory projected release date as October 2, 2029 (ECF No. 11-1 at 4). An April 4, 2023 Sentence Monitoring Computation Data sheet explains that the BOP awarded Mr. Smith credit for time served from April 30, 2017, the day *after* his sentence in *United States v. Less* expired, through October 4, 2018, the day before his sentencing in *United States v. Smith* (*see* ECF No. 11-1 at 3). As of June 30, 2023—the most up-to-date calculation in the record—the BOP continued to award Mr. Smith

3

presentence credit for time served from April 30, 2017 through October 4, 2018, and calculated his statutory projected release date as October 2, 2019 (ECF No. 8-1 at 1–2).

### B.  Requested Relief

Though Mr. Smith's Petition is not entirely clear, Mr. Smith appears to contend that the BOP: (1) unlawfully changed the commencement date of his sentence in *United States v. Smith* from April 29, 2017 to April 30, 2017; and (2) failed to award him with 13 months credit in *United States v. Smith* for time served in federal custody on his term of imprisonment in *United States v. Less* (ECF Nos. 1 at 6–8; 11 at 7–10).  Based on these arguments, the Court construes the Petition as requesting a recalculation of his sentencing credit and projected statutory release date to include credit both for for April 29, 2017 and the 13-month period prior to and including April 29, 2017, the date his sentence in *United States v. Less* expired.

In his Motion to Append, Mr. Smith seeks permission to supplement his Petition to introduce information challenging the validity of his underlying conviction in *United States v. Less*.  For the reasons given below, the Court recommends dismissing Mr. Smith's Petition and denying his Motion to Append as moot.

## II.  Analysis

### A.  Mr. Smith's Petition

Mr. Smith contends the BOP originally used April 29, 2017 as the "begin-counting date" for his sentence in *United States v. Smith*.  He argues that date was correct and that his statutory projected release date based on that start date is October 1, 2029.[1] (ECF Nos. 1 at 8; 11 at 7–8.)

---

[1] Mr. Smith uses the year 2028 in making his arguments (ECF No. 1 at 8).  The Court assumes that this is a typo and Mr. Smith intended to refer to the year 2029 because he refers to a change in his projected release date of "a single day" (*see* ECF No. 1 at 8), and his original projected release date was October 1, 2029.  In any event, there is no support in the record for the

He claims that at some point, however, the BOP improperly altered the record and changed his "begin-counting date" to April 30, 2017, such that it now erroneously calculates his projected release date as October 2, 2029. (*Id.*)  Mr. Smith attributes the change in the BOP's calculation to malicious intent on the part of BOP officials in response to his legal arguments.  (ECF No. 11 at 8, "[T]he BOP doesn't get to <u>maliciously alter</u> prison start dates five years of the start of a prison term to <u>avoid</u> any association with Smith's arguments…." (emphasis in the original).)

The calculation of Mr. Smith's sentence must begin with a determination of the date when his sentenced commenced.  Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of the sentence at, the official detention facility at which the sentence is to be served."  "Only the BOP has the authority to determine when a federal sentence commences." *United States v. Hayes*, 535 U.S. 907, 910 (8th Cir. 2008).  Mr. Smith had completed his term of imprisonment in *United States v. Less* on April 29, 2017 (*see* ECF Nos. 8-5) and was in pretrial custody on the new charges when he was sentenced on October 5, 2018.  Under these circumstances, the BOP interprets section 3585(a) as dictating that his sentence "commence[d] on the date of imposition" (ECF No. 8-8 at 2; *see also* ECF No. 8-8 at 3, "In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.").  Mr. Smith's sentence in *United States v. Smith* thus began on the date he was sentenced:  October 5, 2018 (ECF Nos. 8-1 at 1–2; 8-7 at 1).

Next, the credit to be awarded for time served prior to the commencement of Mr. Smith's sentence must be calculated.  Here is where the discrepancy lies:  Instead of awarding Mr. Smith

---

proposition that his release date via good time credits in *United States v. Smith* should be in October 2028. (*See, e.g.*, ECF No. 11-1 at 5.)

5

presentence custody credit starting from April 29, 2017, the BOP changed the start date for Mr. Smith's presentence custody credit to April 30, 2017 and recalculated his projected release date accordingly. (*Compare* ECF No. 8-1 at 2, *with* ECF No. 11-1 at 2.)  The Court thus construes Mr. Smith's argument as challenging the BOP's failure to provide him with presentence credit in *United States v. Smith* for time served on April 29, 2027.

A defendant is entitled to prior custody credit:

"for any time that he has spent in official detention prior to the state the sentence commences—

    1)    as a result of the offense for which the sentence was imposed; or
    2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).  Given this language, "it is manifest that a petitioner cannot be credited for time in custody, when that time has already been credited towards another sentence."  *Noble v. Fondren*, 08-cv-6259 (JRT/RLE), 2009 WL 4723357, at *6 (D. Minn. Dec. 2, 2009).

The record reflects that Mr. Smith was in federal custody pursuant to his conviction in *United States v. Less* on April 29, 2017—the day he satisfied his term of imprisonment in that matter (*see* ECF Nos. 8-3 at 2–3; 8-5 at 3).  Because the BOP credited Mr. Smith's time served on April 29, 2017 against his sentence in *United states v. Less,* the BOP was statutorily barred under section 3585(b) from awarding him prior custody credit for that date on his term of imprisonment in *United States v. Smith.*  The BOP's adjustment of the start date for Mr. Smith's prior custody credit was not a malicious act as Mr. Smith suggests, but merely a correction that aligned the BOP's calculations with its statutory obligations.

Mr. Smith also seeks 13 months of prior custody credits on his sentence in *United States v. Smith* for time spent in custody under his term of imprisonment in *United States v. Less*. (ECF No. 1 at 6–7.) But this argument runs into the same statutory bar. The record reflects that: (1) the BOP credited all the time Mr. Smith spent in custody from January 26, 2017 through April 29, 2017 against his sentence in *United States v. Less* (ECF No. 8-5); and (2) the sentencing judge in *United States v. Smith* explicitly ordered his sentence in *United States v. Smith* to run consecutively to his sentence in *United States v. Less* (ECF No. 8-7 at 2). Since the BOP had already credited the entirety of the 13-month period he seeks to have applied to his sentence in *United States v. Smith* against another sentence, his claim is barred under section 3585(b).

### B. Mr. Smith's Motion to Append

Mr. Smith's Motion to Append seeks the Court's leave to submit additional evidence into the record challenging the validity of his conviction in *United States v. Less*. (*See generally* ECF No. 15.) Having recommended dismissal of his Petition, the Court also recommends denial of his Motion to Append as moot.[2]

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Mr. Smith's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. [1]) be **DISMISSED**; and

---

[2] In addition, Mr. Smith's challenge to the validity of his conviction in *United States v. Less* was dismissed from this action because the Court lacks jurisdiction to consider it. (*See* ECF Nos. 4, 10.) The evidence Mr. Smith seeks to submit is therefore immaterial to his surviving claims, and as the Court previously made clear (ECF No. 14), the Court will not permit him to reopen the record to present such evidence.

2.      Mr. Smith's "Motion to Append Filing to 'Coram Nobis' Exhibit as Filed with Original § 2241 Petition 'Leave of the Court'" (ECF No. [15]) be **DENIED AS MOOT**.

Dated: February 8, 2024                    *s/ Dulce J. Foster*
                                           Dulce J. Foster
                                           United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).