UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DARRELL D. SMITH,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>WARDEN B. EISCHEN,<br><br>　　　　　　　　Respondent. | Civil No. 23-357 (JRT/DJF)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

Darrell Smith, Reg. No. 16355-029, FPC Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se* Petitioner.

Ana H. Voss and Kristen Elise Rau, **UNITED STATES ATTORNEY'S OFFICE**, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Respondent.

Petitioner Darrell Smith is serving a 175-month sentence at the Duluth Federal Prison after pleading guilty to wire fraud and aggravated identity theft. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of a prior tax conviction, and his current sentence. Magistrate Judge Dulce J. Foster issued a Report and Recommendation ("R&R"), which the Court adopted, dismissing three of the four claims, and limiting the remaining habeas claim to challenges of time served credits. After Smith responded, the Magistrate Judge issued another R&R recommending dismissal of Smith's remaining claim. Smith objected to the second R&R, making arguments against the findings in both R&Rs. After de novo review, the Court finds that all of Smith's claims

should be dismissed so it will overrule his objections, adopt the Magistrate Judge's Second R&R, and dismiss Smith's Petition without prejudice.

## BACKGROUND

### I. FACTS

The factual and procedural history have been extensively addressed in the two previous R&Rs so the Court will only include a brief summary. (R. & R. & Order ("1st R. & R.") at 2–5, June 9, 2023, Docket No. 4; R. & R. ("2nd R. & R.") at 1–4, Feb. 8, 2023, Docket No. 17.) Smith challenges two convictions in his Petition for writ of habeas corpus. (Pet. for Writ of Habeas Corpus ("Pet."), Feb. 13, 2023, Docket No. 1.)

First is his conviction, pursuant to a guilty plea, for Failure to Account for and Pay Over Employment Tax under 26 U.S.C. § 7202, for which he completed a sentence of 13-months ending April 29, 2017. (Decl. of Tiffany Farmer ("Farmer Decl.") ¶¶ 9–11, July 7, 2023, Docket No. 8.)

After pleading guilty to the tax charges, Smith was charged with and pleaded guilty to Wire Fraud and Aggravated Identity Theft. (Farmer Decl. ¶ 13.) After completing his tax sentence—though he remained in custody pending sentencing—Smith was sentenced to 175 months. (*Id.* ¶¶ 11, 13.) This calculation credits Smith for time served from April 30, 2017, the day after his first sentence ended, through October 4, 2018, the day before his current sentence began. (2nd R. & R. at 3–4.) Smith claims that he was informed his two sentences would run concurrently, so he would receive credit against his 175-month sentence for the 13 months already served for the tax conviction. (Obj. to R. & R. at 20,

Feb. 23, 2024, Docket No. 18.) But the sentencing judge's order, cited by Smith, mandates that the sentences run consecutively. (1st R. & R. at 9–10; Obj. to R. & R. at 15.)

## II. PROCEDURAL HISTORY

On February 13, 2023, Smith filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 against Duluth Warden B. Eischen. (*See* Pet.) Magistrate Judge Foster issued her first R&R recommending dismissal of all counts except Count 3, limiting the challenge to alleged miscalculation of Smith's jail-time credits, and denying Smith's motion to appoint counsel. (1st R. & R. at 12–13.) Without any objections, the Court adopted the first R&R. (Order Adopting R. & R., July 24, 2023, Docket No. 10.)

Eichen responded to Smith's Petition and Smith filed a reply. (Resp. to Pet. for Writ of Habeas Corpus, July 7, 2023, Docket No. 7; Pet's Response to Response, Aug. 3, 2023, Docket No. 11.) Smith also filed a motion to amend his Petition, which the Magistrate Judge denied. (Mot. to Amend, Aug. 24, 2023, Docket No. 12; Order, Aug. 25, 2023, Docket No. 14.) He then filed a "Motion to Append Filing to 'Coram Nobis' Exhibit as Filed with Original § 2241 Petition 'Leave of the Court.'" (Mot. to Append Filing, Dec. 27, 2023, Docket No. 15.) The Magistrate Judge issued a second R&R recommending dismissal of Smith's remaining claim and dismissal of the motion to append. (2nd R. & R. at 7–8.) Smith filed his objections to the Second R&R in three different documents, which the Court will treat as one. (Obj.; Addendum to Obj. ("Addendum"), Feb. 23, 2024, Docket No. 19; Second Update to De Novo Review ("2nd Update"), Feb. 28, 2024, Docket No. 20.)

**DISCUSSION**

**I.   STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774 at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3). When reviewing a properly objected to portion of an R&R, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues. *See Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) ("When *de novo* review is compelled, no form of appellate deference is acceptable."). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. Mar. 30, 2015).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Eighth Circuit has been willing to liberally construe otherwise general pro se objections to R&Rs and to require de novo review of all alleged errors. *See Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). However, "pro se litigants are not excused

from failing to comply with substantive or procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## II.   ANALYSIS

Smith's objections are difficult to follow but he seems to raise issues with the Magistrate Judge's recommendations in both the first and second R&R. Smith failed to object to the Magistrate Judge's first R&R and thus the Court need not address those untimely objections. However, because Smith is a pro se litigant, the Court will address all of Smith's objections.

Smith's primary objections to the first R&R is that the Magistrate Judge failed to properly apply the safety valve that allows for a habeas petition to challenge the legitimacy of a conviction when 28 U.S.C. § 2255 is an inadequate or ineffective remedy. Because his § 2255 motion in his tax case was denied as untimely, Smith argues that his only remaining remedy for ineffective assistance of counsel, *Brady* violations, and a biased judge is under habeas. He also objects to the Magistrate Judge's recommendation to dismiss claims about the imposition of his sentence in the wire fraud case, including the correct application of the sentencing guidelines, ambiguity on whether the sentence should be consecutive or concurrent, and an erroneous addition of 18 months because of the tax crime counting towards criminal history.

As to the second R&R, Smith objects to the Magistrate Judge's recommendation to dismiss Claim 3 with respect to calculation of time served. He argues that the Magistrate Judge improperly failed to apply 18 U.S.C. § 3584 before applying § 3585 to

the calculation of time served. He believes this error would have resulted in time served credit for the additional day, April 29, 2017, and the 13 months for his prior tax crime sentence.

### A.     Adequacy of Section 2255 Motion

Smith suggests the Court erroneously determined it lacked jurisdiction. Specifically, he asks the Court to reconsider the application of the savings clause in § 2255 because the § 2255 motion in his tax case was denied as untimely and he did not receive some of the information until 2022. The Eighth Circuit is clear that a § 2255 motion's dismissal for a statute of limitations violation does not make that remedy ineffective. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). With respect to the allegedly new information, Smith can request permission from the Eighth Circuit to file a second or successive petition on those exact grounds.[1] 28 U.S.C. § 2255(h)(1). Because Smith has failed to demonstrate why § 2255 is inadequate, the Court does not have jurisdiction to evaluate the validity of his tax case conviction under a habeas petition.[2] As such, the Court will not revisit its decision to adopt the Magistrate Judge's first R&R with respect to Smith's Claims 1 and 2.

---

[1] Smith may ask for permission to file a second or successive § 2255 motion but the Court expresses no opinion on the success of that request or the success of any § 2255 motions.

[2] Smith mentions several times that the Magistrate Judge ignored certain arguments. The Court is not ignoring his arguments. But it cannot decide issues over which it lacks jurisdiction.

Smith did not present any information that his pending § 2255 motion in his wire fraud case would not be an effective means to challenge that conviction or the imposition of the related sentence, so the safety valve does not apply here either. Challenges to the imposition of a sentence must also be brought through a § 2255 motion in the sentencing court. *Michelson v. United States*, No. 01-1750, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002) (citing *United States v. Lurie*, 297 F.3d 1075, 1077 (8th Cir. 2000)). Challenges to the imposition of a sentence include a judge's application of the sentencing guidelines, a sentencing judge's decision that the sentences should run concurrently or consecutively, and challenges to the length of a sentence. *Id.* at *2; *Lee v. Sanders*, 943 F.3d 1145, 1147–48 (8th Cir. 2019). As such, Smith's objections to the imposition of his wire fraud sentence should be raised before the court addressing his pending § 2255 motion and the Court will reiterate its adoption of the Magistrate Judge's recommendation to dismiss Claims 3 and 4 insofar as they challenge the validity of Smith's wire fraud conviction or the imposition of the resulting sentence.

### B.     Calculation of Time Served

The only remaining objection the Court can address is Smith's challenges to the BOP's calculation of time served. Smith alleges two errors with this calculation. First, he argues that he should be credited an extra day for April 29, 2017. Second, he claims to be entitled to the 13-months he already served under his tax crime sentence. Because both theories are contrary to statute, Smith is not entitled to additional time served credit.

Smith does not dispute that his current sentence commenced on October 5, 2018. The only remaining question then is when his time served began—the day his prior sentence ended, April 29, 2017, or the following day, April 30, 2017. Under 18 U.S.C. § 3585(b), the BOP correctly began to count time on April 30, 2017.

However, Smith contends that the Court is first required to apply 18 U.S.C § 3584 and the Magistrate Judge erroneously applied only 18 U.S.C. § 3585(b). It is unclear why Smith believes that § 3584 applies first, though his position may relate to his argument that the offenses are related. But the Eighth Circuit has already decided that Smith's offenses are unrelated. *United States v. Smith*, 944 F.3d 1013, 1016 (2019). In any event, § 3584 would not change the calculation of time served because § 3584 does not provide any authority for the BOP to adjust sentences. *Elwell v. Fisher*, 716 F.3d 477, 484 (8th Cir. 2013). Section 3584's statement of default rules does not afford the BOP any authority to override the sentencing judge's explicit order that Smith's sentences run consecutively.[3] 18 U.S.C. § 3584; *Moon v. United States*, No. 24-4023, 2024 WL 867285, at *3–4 (D.S.D Feb. 29, 2024) (describing applicability of § 3584).

Because the sentencing judge decided that the sentences should run consecutively, and the Eighth Circuit ruled that the offenses are unrelated, the applicable statute to determine credit for time served is 18 U.S.C. § 3585(b). That provision

---

[3] Smith relies on a finding that his tax crime sentence was "undischarged." However, even if that sentence was undischarged, the sentencing judge could still order the two sentences to run consecutively. 18 U.S.C. § 3584.

specifically precludes counting time towards two different sentences. "[A] petitioner cannot be credited for time in custody, when that time has already been credited towards another sentence." *Noble v. Fondren*, No. 08-6259, 2009 WL 4723357, at *6 (D. Minn. Dec. 2, 2009); *see also United States v. Wilson*, 503 U.S. 329, 337 (1992).

Smith's tax crime sentence ended on April 29, 2017. His current sentence for wire fraud commenced on October 5, 2018. The BOP awarded Smith time credits from April 30, 2017 until October 4, 2018. 18 U.S.C. § 3585(b) precludes the BOP from crediting Smith with time served on April 29, 2017, and the other 13 months of his previous sentence, because that time was already credited towards the tax crime sentence. When the BOP adjusted the start date from April 29 to April 30, the BOP was merely remedying an error to properly comply with statutory requirements. The BOP accurately calculated Smith's time served credits so his objections will be overruled, and the Court will adopt the Magistrate Judge's recommendation dismissing the remainder or Claim 3.

### C.     **Motion to Append**

Smith's motion to Append requests submission of additional evidence into the record challenging the validity of his tax crime conviction. (*See* Motion to Append at 1.) As the Court has already found it lacks jurisdiction to decide the validity of this conviction, it will overrule his objections and adopt the Magistrate Judge's recommendation that his motion to append be denied as moot.

### D. Appeal of Denial of Counsel

Although he does not do so explicitly, Smith seems to also challenge the Magistrate Judge's denial of counsel because the claims are significantly more complex than she described.

The standard of review applicable to an appeal of a magistrate judge's order on nondispositive pretrial matters, such as whether to appoint counsel, is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007) (internal citation omitted). The Court will reverse such an order only if it is clearly erroneous or contrary to law. *Id.*; 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a)(3). "A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lisdahl v. Mayo Found.*, 633 F.3d 712, 717 (8th Cir. 2011) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008) (internal quotation marks and citation omitted).

Habeas corpus proceedings are civil, and thus there is no constitutional right to counsel exists. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). District courts have wide discretion in determining whether to appoint counsel in habeas proceedings. *Prewitt v. Reiser*, No. 13-2866, 2014 WL 5325356, at * 5 (D. Minn. Oct. 20, 2014) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Because it is a nondispositive matter, the

district court will only overturn a decision to deny counsel if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a)(3).

The Magistrate Judge found that the case was not so complex as to warrant Court appointed counsel and that Smith would be able to adequately investigate the facts related to his Petition. Smith argues that because the Magistrate Judge only analyzed this complexity after recommending dismissal of most of his Petition, the only remaining claim was not complex. Smith makes a compelling argument that had all his claims been allowed to proceed, the complexity of his case would increase significantly. However, because the Court adopted the Magistrate Judge's recommendation, and reaffirms that outcome here, the denial of counsel is not clearly erroneous or contrary to law.

## CONCLUSION

The Court does not have jurisdiction to consider the validity of his convictions or imposition of his wire fraud sentence. Without jurisdiction, the Court will deny any additional requests to submit information on the validity of his convictions as moot. Further, his time served credits were properly calculated. As such, the Court will adopt Magistrate Judge Foster's second R&R, overrule Smith's objections, and dismiss Smith's Petition in its entirety without prejudice.[4]

---

[4] Dismissal without prejudice means that Smith can make any necessary changes and refile his Petition. However, without a showing that § 2255 provides an inadequate or ineffective remedy, the Court will not be able to address more arguments about claims that it lacks jurisdiction to decide.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 18] to the Report and Recommendation are **OVERRULED**;

2. Plaintiff's Motion to Append Filing to 'Coram Nobis' [Docket No. 15] is **DENIED as moot**;

3. Magistrate Judge Dulce J. Foster's Report and Recommendation [Docket No. 17] is **ADOPTED**; and

4. Plaintiff's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Docket No. 1] is **DISMISSED without prejudice.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: April 30, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge