UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| DARRELL D. SMITH, | | |
| | Petitioner, | Civil No. 23-357 (JRT/DJF) |
| v. | | **MEMORANDUM OPINION AND ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS ON APPEAL** |
| WARDEN B. EISCHEN, *FPC Duluth*, | | |
| | Respondent. | |

Darrell D. Smith, Reg. No. 16355-029, FPC Duluth, P.O. Box 1000, Duluth, MN 55814, *pro se* Petitioner.

Ana H. Voss and Kristen Elise Rau, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondent.

Petitioner Darrell Smith is serving a 175-month sentence at the Federal Prison Camp in Duluth after pleading guilty to wire fraud and aggravated identity theft. Sent'g Judgment at 1–2, United States v. Smith, No. 17-2030 (N.D. Iowa May 22, 2017), ECF No. 96. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of a prior tax conviction and his current sentence. (Pet. for Writ of Habeas Corpus ("Pet.") at 2, Feb. 13, 2023, Docket No. 1.) The Court adopted Magistrate Judge Dulce J. Foster's Report and Recommendation ("R&R"), dismissing three of the four claims entirely and dismissing the remaining claim to the extent that it challenges Smith's prior tax conviction or the imposition of his current sentence or consecutive sentences. (R. &

R. at 6–12, June 9, 2023, Docket No. 4; Order Adopting R. & R. at 1–2, July 24, 2023, Docket No. 10.)  After Smith responded, the Magistrate Judge issued another R&R recommending dismissal of Smith's remaining claim, which the Court adopted.[1]  (R. & R. at 4–7, Feb. 8, 2024, Docket No. 17; Mem. Op. & Order at 5–12, Apr. 30, 2024, Docket No. 22.)  Smith appealed the Court's Order to the Eighth Circuit and seeks to proceed *in forma pauperis* ("IFP") on appeal.  (Not. of Appeal to 8th Cir. ("Notice of Appeal"), May 10, 2024, Docket No. 24; Appl. to Proceed IFP on Appeal, May 10, 2024, Docket No. 25.)  Because the Court finds that Smith's appeal is not taken in good faith, it will deny his application to proceed IFP on appeal.

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).  Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith.  *Id*. § 1915(a)(3).  Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  To determine whether an appeal is taken in good faith, the Court must determine whether the claims to be decided on appeal are factually or legally frivolous.  *Cf. Neitzke v.*

---

[1] Dismissal without prejudice means that Smith can make any necessary changes and refile his Petition.  However, the Court will lack jurisdiction to consider any such claims without a showing that § 2255 provides an inadequate or ineffective remedy.  28 U.S.C. § 2255(e).

*Williams*, 490 U.S. 319, 325 (1989).  An argument is legally frivolous when "none of the legal points are arguable on their merits."  *Id.* (cleaned up).

The issues Smith intends to raise on appeal are legally frivolous.  His notice of appeal simply states that the "Judge did not address several statutory questions Smith raised in his original argument(s)."  (Notice of Appeal at 1.)  This, however, is incorrect.  The Court thoroughly addressed Smith's arguments regarding the calculation of time served and concluded that the Bureau of Prisons correctly calculated time served under 18 U.S.C. § 3585(b).  (*See* Mem. Op. & Order at 7–9.)  The Court did not entertain the merits of Smith's challenge to the validity of his conviction because it concluded that a 28 U.S.C. § 2255 motion is the appropriate vehicle in which to raise such a challenge, and § 2255(e)'s savings clause is not satisfied merely because Smith's § 2255 motion was dismissed for being untimely.  (*Id.* at 6–7.)

Because none of Smith's claims to be decided on appeal are arguable on their merits, the Court concludes that Smith's appeal is not taken in good faith.  Accordingly, the Court will deny Smith's Application to Proceed IFP on Appeal.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion to Proceed IFP on Appeal [Docket No. 25] is **DENIED**.

DATED: June 3, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge